**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4890

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHRISTOPHER BRIAN KIRKLAND,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:05-cr-00254)

Submitted:  April 26, 2007          Decided:  April 30, 2007

Before WILLIAMS, MICHAEL, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Fredilyn Sison, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Gretchen C.F. Shappert, United States Attorney, Corey F. Ellis, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Brian Kirkland pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000), and was sentenced to a term of seventy-seven months imprisonment. Kirkland appeals his sentence, contending that the district court erred when it held that he had two prior convictions for controlled substance offenses and applied a base offense level of 24 under U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (2005). We affirm.

The enhanced base offense level applies if the defendant had two prior felony convictions for controlled substance offenses as defined in USSG § 4B1.2(b), which includes "the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." After examining the charging documents and the judgment in each case, the district court determined that Kirkland had two prior convictions for possession with intent to sell or deliver cocaine in violation of N.C. Gen. Stat. § 90-95(a) (2005).

Although Kirkland argues on appeal that the convictions were for simple possession, or that the charging documents did not establish the offense of conviction with enough specificity, or that the offenses should have been treated as misdemeanors because the quantity of cocaine was small, the record supports the district court's determination. Moreover, the court complied with the dictates of Taylor v. United States, 495 U.S. 575 (1990), and

<u>Shepard v. United States</u>, 544 U.S. 13 (2005), in making its determination.

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 3 -